## IN RE: FORMAL INQUIRY CONCERNING JUDGE CULLEN H. HORMES

[Misc. (Judicial Disabilities) No. 1, September Term, 1981.]

*Decided November 3, 1981.*

The cause was submitted to SMITH, DIGGES, ELDRIDGE, COLE, DAVIDSON and RODOWSKY, JJ.

SMITH J., delivered the opinion of the Court.

Pursuant to the powers vested in it by Maryland Constitution Art. IV, §§ 4A-4B the Judicial Disabilities Commission instituted proceedings against Cullen H. Hormes, a judge of the Third Judicial Circuit of Maryland. It was alleged to the Commission that Judge Hormes had borrowed money from a bail bondsman and that the money had been repaid in cash on a golf course located in Baltimore County. We shall focus particularly on his failure to report this borrowing on his financial disclosure statement.

The Commission has filed an opinion in which it has recommended censure of Judge Hormes pursuant to Maryland Rule 1227. As permitted by Rule 1227 q 5, Judge Hormes waived his right to a hearing before this Court. No exceptions have been filed to the recommendation of the Commission.

The Commission's opinion states in pertinent part:

"The Commission contacted Judge Hormes relative to the matter and invited the judge to appear informally before the Commission. When Judge Hormes appeared on January 7, 1981, he verbally waived his right to counsel and his Fifth Amendment rights against self-incrimination, and he voluntarily admitted that he had, in fact, borrowed the sum of $2,000 from Lee L. Smith. Judge Hormes advised that he needed the money to pay his real estate taxes. The interest free loan was made by Smith to Judge Hormes on February 24, 1978. The judge executed a promissory note payable to Smith. A check of the tax records discloses that Judge Hormes did, in fact, pay his real estate taxes on the same date.

"On June 20, 1980, Judge Hormes repaid the $2,000 loan without interest. The repayment was made by cash. Judge Hormes informed the Commission that he had obtained the money with which to repay the loan from recovery in a personal injury claim.

"Judge Hormes acknowledged that he did not disclose the loan from Smith in the Financial Disclosure reports to the Administrative Office of the Courts in 1978 and 1979. After the Commission inquiry, the judge amended his returns so as to reveal the loan.

"The Commission further investigated court records in order to determine whether Lee L. Smith had ever had any bond forfeiture stricken by Judge Hormes. The investigation was entirely negative in that the records do not disclose any matter concerning bail bonds or, for that matter, any other dealings between Judge Hormes and Lee L. Smith.

"We emphasize that Judge Hormes has been frank, open, and above board in his dealings with the Commission. He readily admits the loan from Smith, and the failure to report it.

"In lieu of a formal hearing before the Commission, Judge Hormes and the Commission entered into a Stipulation of Facts. . . .

"On May 13, 1981, the Commission took the deposition of Lee L. Smith. Judge Hormes was advised of his right to be present, to be represented by counsel, or both. He declined to obtain an attorney and did not appear at the deposition. . . ."

Copies of the stipulation and the deposition were attached to the report of the Commission.

The Commission concluded that Judge Hormes had violated certain of the Canons of Judicial Ethics and Rules of Judicial Ethics. We regard as particularly significant the conclusion that he violated Rule 8 of the Rules of Judicial Ethics by his failure to include the information relative to this loan in his financial disclosure statement for the years 1978 and 1979. The form for such financial disclosure statements approved by this Court requires the listing of "all liabilities owed by [each judge] at any time during [the] reporting period, to any person" exclusive of retail credit accounts, loans or obligations reported elsewhere in the statement, an obligation which does not exceed $100 and which was owed for a period of less than seven consecutive calendar days, and a loan against the cash surrender value of a life insurance policy or certificate of deposit owned by the judge, his spouse, or child. Under the circumstances it appears that this failure to disclose was not an inadvertent one. It was corrected only after the matter was brought to Judge Hormes' attention through these proceedings. We agree with the Commission that there was in fact a violation of Rule 8.

Judge Hormes having waived the right to hearing before this Court and no exceptions having been filed, we conclude, after due and careful consideration, that Judge Hormes must be censured. We point out, however, that nobody has contended that any act of Judge Hormes violated any criminal statute.

*It is so ordered.*